FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION  JUN 13 PM 1:10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

MAYBELLE KIRKLAND-BROWN,

      Plaintiff,

vs.

                                    Case No.: 3:10-cv-1000-HES-MCR

AMELIA ISLAND CARE CENTER,

      Defendant.

_____/

## O R D E R

Before this Court are Defendant Amelia Island Care Center's Defendant's Motion for

Leave to File Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary

Judgment (Dkt. 37, filed June 7, 2012); Defendant's Motion for Summary Judgment (Dkt. 22,

filed March 23, 2012); this Court's Order to Show Cause (Dkt. 29, signed April 19, 2012);

Plaintiff Maybelle Kirkland-Brown's Response to Order to Show Cause (Dkt. 30, filed May 3,

2012); Plaintiff's untimely filed[1] Response in Opposition to Defendant's Motion for Summary

Judgment (Dkt. 30, Attachment 3, filed May 3, 2012); and Defendant's Reply to Plaintiff's

---

[1] Plaintiff requested and received an extension of time until April 16, 2012, to file a response to Defendant's Motion for Summary Judgment (Dkt. 26, 28). Plaintiff did not file her response by April 16, 2012. On April 19, 2012, this Court entered an Order to Show Cause why the Complaint should not be dismissed for failure to prosecute under Local Rule 3.10 (Dkt. 29). On May 3, 2012, Plaintiff filed her Response to this Court's Order to Show Cause, attaching her untimely filed Response to Defendant's Motion for Summary Judgment (Dkt. 30). Defendant has "adamantly" maintained that this Court should dismiss Plaintiff's Complaint for failure to prosecute and should not consider Plaintiff's late Summary Judgment Response (Dkt. 36, 37). This Court has chosen to decline Defendant's request and will consider Plaintiff's untimely filed Summary Judgment Response, but Plaintiff's attorney should be aware that future failures to timely file documents with the Court could subject her to discipline under Local Rule 2.04(a).

1

Response to Court's Order to Show Cause (Dkt. 36, filed May 17, 2012). The Court sees no reason to allow a reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and will proceed to consideration of Defendant's Motion for Summary Judgment.

## I. Background

This action arises out of Plaintiff's employment with Amelia Island Care Center ("AICC"). AICC hired Plaintiff as a "Residential Services Coordinator" on August 30, 2000, and Plaintiff served AICC in that capacity until her termination in October 2008.[2] In her complaint, Plaintiff alleges that AICC violated the Fair Labor Standards Act ("FLSA") by failing to pay her overtime compensation for the hours she worked in excess of forty hours per week. Plaintiff seeks to recover that unpaid overtime compensation, as well as liquidated damages in the same amount under 29 U.S.C. § 216(b). Plaintiff further seeks an award of post-judgment interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216(b).

In response, Defendant argues that it is entitled to summary judgment. Specifically, Defendant argues that Plaintiff's claims are time-barred by the two-year statute of limitations contained in 29 U.S.C. § 255(a). In the alternative, Defendant argues that it is entitled to summary judgment because Plaintiff qualifies as an "exempt" employee under FLSA and therefore is not entitled to overtime compensation.

---

[2] There is a dispute as to the exact date when AICC fired Plaintiff. Defendant maintains that Plaintiff was fired on October 14, 2008, on which date Plaintiff received a disciplinary letter notifying her of her termination. In contrast, Plaintiff maintains that she was fired on October 30, 2008, because that is the effective date listed on her formal termination letter. As described later in this Order, the exact date of Plaintiff's termination has no bearing on the statute of limitations applicable to this suit.

## II. Discussion

### a. Standard of Review

Summary judgment is proper if, after discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. When the nonmoving party bears the burden of proof at trial, the moving party must demonstrate "an absence of evidence to support the nonmoving party's case," *Celotex Corp.*, 477 U.S. at 355, or affirmative evidence negating an element of the nonmoving party's case, *Fitzpatrick v. Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). It then falls to the nonmoving party to show that evidence supporting its case may be found outside the pleadings or that an issue of material fact remains in genuine dispute. *Id.* In making a determination at the summary judgment stage, this Court views the facts in the light most favorable to the nonmoving party and makes all reasonable factual inferences in favor of that party. *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993).

### b. Statute of Limitations

Defendant argues that it is entitled to summary judgment because the applicable statute of limitations bars Plaintiff's claims. Under 29 U.S.C. § 255(a), FLSA claims—including claims for unpaid overtime compensation—must ordinarily be brought "within two years after the cause of action accrued." However, if a plaintiff's cause of action arises out of a defendant's "willful" violation of FLSA, the plaintiff may commence suit within three years after his cause of action accrued. An employer "willfully" violates FLSA when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v.*

3

*Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Mere negligence will not suffice—if an employer

acts unreasonably, but not recklessly, in determining its obligations to an employee under FLSA,

its conduct is not "willful" and the default two-year statute of limitations will apply.  *Id.* at 135

n.13.

Plaintiff filed this present suit on October 29, 2010.  Defendant asserts that Plaintiff's suit

is time-barred because Plaintiff's cause of action "accrued" on the date she received her final

paycheck—October 20, 2008—and she has not put forth any evidence from which a jury could

infer that Defendant willfully violated FLSA in failing to pay Plaintiff overtime compensation.

Defendant also maintains that even if Plaintiff's cause of action "accrued" on the date of her

termination, her termination occurred on the date she received notice of her

termination—October 14, 2008.

In response, Plaintiff argues that a FLSA claim for unpaid overtime wages "accrues" not

on a plaintiff's receipt of a paycheck, but rather at the end of a "pay period."  Plaintiff further

asserts that if instead her termination is the relevant event triggering the limitations period, she

has offered evidence to place the date of her termination in genuine dispute, namely a formal

letter dated October 30, 2008, that states she was released from employment "[e]ffective

10/30/2008."  Finally, Plaintiff argues that regardless of whether a FLSA claim for unpaid

overtime wages accrues upon receipt of a paycheck or rather the end of a pay period, and

regardless of whether she was fired on October 14 or October 30, she has raised sufficient

evidence that Defendant "willfully" violated FLSA to reach a jury on the question of which of

FLSA's limitations periods—the two-year period or the three-year period—should apply.

If FLSA's default two-year limitations period applies to Plaintiff's suit, Defendant is most

4

certainly entitled to summary judgment in its favor. The Eleventh Circuit has made clear that a separate FLSA claim for unpaid overtime wages "accrues" on the date an employee receives each noncompliant paycheck. *Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994) ("[I]f the officer plaintiffs are not subject to the exemption, the FLSA has been violated each time the City issued an officer plaintiff a paycheck that failed to include payment for overtime hours actually worked."); *id.* at 583 ("[T]he district court's order granting the City summary judgment as to the officer plaintiffs' claims on statute of limitations grounds is due to be reversed insofar as it involves *paychecks, received during the relevant statute of limitations period*, which did not include payment for overtime that was worked.") (emphasis added). *See also Hodgson v. Behrens Drug Co.*, 475 F.2d 1041, 1050 (5th Cir. 1973) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." (internal quotation marks omitted)).[3] The date of an employee's termination is irrelevant to the limitations period applicable to FLSA claims alleging a failure to pay overtime wages; the relevant event triggering the limitations period is instead the date on which an employee received the paycheck that he alleges failed to incorporate the overtime wages he was due. Thus, if the two-year limitations period contained in 29 U.S.C. § 255(a) applies to Plaintiff's suit, Defendant is entitled to summary judgment. It is undisputed that Plaintiff received her last paycheck on October 20, 2008, and she commenced her suit more than two years later on October 29, 2010.

---

[3]The Eleventh Circuit has adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

To withstand Defendant's motion for summary judgment, then, Plaintiff must have raised evidence from which a jury could infer that the three-year limitations period should apply—*i.e.*, that Defendant "willfully" violated FLSA, either by acting with knowledge that its conduct violated FLSA or with reckless disregard for the matter of whether its conduct violated FLSA. *McLaughlin*, 486 U.S. at 133. A showing of mere negligence will not suffice—an employer who acts unreasonably in failing to pay an employee overtime compensation to which he is entitled does not act "willfully" unless his conduct amounts to recklessness. *Id.*

To assess whether Plaintiff has raised evidence sufficient to support a jury's finding that Defendant "willfully" violated FLSA by failing to pay her overtime compensation, it is necessary to briefly summarize FLSA's overtime compensation provisions. FLSA generally requires employers to provide overtime compensation for hours worked in excess of forty hours per week, but not all employees are entitled to overtime. FLSA exempts several classes of employees from its overtime compensation requirement, including "any employee employed in a bona fide executive . . . capacity." 29 U.S.C. § 213(a)(1).

Defendant asserts that it did not provide Plaintiff with overtime compensation because she qualified for FLSA's executive exemption. Plaintiff claims that not only did she not qualify for FLSA's executive exemption, but also that Defendant's incorrect classification of her amounted to a "willful" violation of FLSA entitling her to the three-year limitations period described in 29 U.S.C. § 255(a).

Under regulations promulgated under FLSA, the "executive exemption" from FLSA's overtime compensation requirement applies to employees who: (1) are paid "on a salary basis at a rate of not less than $455 per week"; (2) have as their "primary duty" the "management of the

enterprise . . . or of a customarily recognized department or subdivision thereof"; (3)
"customarily and regularly direct[] the work of two or more other employees"; and (4) have "the
authority to hire or fire other employees or whose suggestions and recommendations as to the
hiring, firing, advancement, promotion or any other change of status of other employees are
given particular weight." 29 C.F.R. § 541.100(a)(1)–(4). Only if an employee meets all four
criteria will he be considered an "executive" employee who is exempt from FLSA's overtime
compensation requirement. *Id.*

Plaintiff has failed to show evidence supporting her contention that Defendant "willfully"
violated FLSA in classifying her as an exempt "executive" employee. Plaintiff does not dispute
that she was paid on a salary basis of more than $455 per week. (Dkt. 30, Attachment 3, at 17).
Furthermore, in her deposition Plaintiff testified that she had several management duties at
AICC. Plaintiff testified that she processed employees' leave requests (Plaintiff's Deposition,
Dkt., 23, ex. A-1 at pp. 59–60), counseled employees regarding their performance and
disciplined them when necessary (*id.* at pp. 42, 65–68), provided recommendations regarding
which employees should receive pay increases and which employees should be terminated (*id.* at
pp. 67, 75–76, 102), determined what materials and supplies her department should buy (*id.* at
pp. 106–08), and worked to stay within her department's budget, requesting additional funds
whenever she believed they were necessary (*id.* at pp. 106–08). All these duties qualify as
"management" under 29 C.F.R. § 541.100(a)(2). *See* 29 C.F.R. § 541.102 (defining
"management"). Additionally, Plaintiff testified that she attended management training programs
at AICC and also department head meetings, after which she would hold meetings with the
employees in her department to update them on business discussed during the department head

7

meetings. (Plaintiff's Deposition, Dkt., 23, ex. A-1 at pp. 20, 49–53).

Although Plaintiff contends that she spent most of her time at work performing non-

management duties, "[t]ime alone . . . is not the sole test" and FLSA does not require that

"exempt employees spend more than 50 percent of their time performing exempt work." 29

C.F.R. § 541.700(b). This Court and our sister courts have found FLSA's executive exemption

to apply to employees who spent the vast majority of their time performing non-exempt work.

*See, e.g., Debrecht, Bell & Jackson v. Osceola Cnty.*, 243 F. Supp. 2d 1364, 1370 n.11, 1370–72

(M.D. Fla. 2003) (finding that the primary duty of battalion chiefs in an emergency services

department was still management even though they spent 85% of their time performing non-

exempt tasks); *Dipasquale v. Docutek Imaging Solutions, Inc.*, 2010 WL 4703752 (S.D. Fla.

2010) (applying the executive exemption to a service manager who testified that he spent only

10%–20% of his time performing exempt duties). Rather, management constitutes the "primary

duty" of an employee when it is the "principal, main, major or most important duty that the

employee performs." 29 C.F.R. § 541.700(a). Defendant certainly had reason to conclude

Plaintiff's management duties were her "most important" duties. Plaintiff was the highest

ranking employee in her department (Plaintiff's Deposition, Dkt., 23, ex. A-1 at pp. 35–36), was

relatively free from direct supervision as Defendant relied upon her to enforce its policies on

lower-ranked employees (*id.* at pp. 63–64), and she received a higher salary than did the hourly

employees whom she oversaw (Affidavit of Laila Beaven, Dkt. 23, Ex. B at pp. 2–3). *See* 29

C.F.R. § 541.700 (defining "primary duty").

In short, Plaintiff has failed to produce evidence from which a jury could infer that

Defendant knowingly or recklessly violated FLSA when it concluded that her "primary duty" was

the management of her department, as Defendant had ample reason to make that determination based on the management duties Plaintiff performed. Plaintiff has also failed to produce evidence from which a jury could infer that Defendant recklessly or knowingly violated FLSA when it concluded that Plaintiff customarily and regularly directed the work of two or more other employees and that her suggestions and recommendations as to the firing or advancement of other employees were given particular weight. Plaintiff testified that approximately 50 employees answered to her and that she routinely made recommendations as to pay raises and terminations. (Plaintiff's Deposition, Dkt., 23, ex. A-1 at pp. 35–36, 67, 75–76, 102). In the final analysis, Plaintiff's employment duties were at least sufficiently close to those prescribed for the executive exemption in 29 C.F.R. 541.100(a)(1)–(4) that Defendant's failure to pay her overtime compensation cannot possibly be called a "reckless" or "knowing" violation of FLSA. This Court expresses no opinion as to whether Plaintiff was in fact exempt from FLSA's overtime compensation requirement, but finds that, as a matter of law, Defendant's determination that Plaintiff was exempt was not a reckless or knowing violation of FLSA.

Because Plaintiff has failed to produce evidence from which a jury could infer that Defendant "willfully" violated FLSA in failing to pay her overtime compensation, the default two-year limitations period governs her claim. 29 U.S.C. § 255(a). Since Plaintiff filed her claim more than two years after the date she received her final paycheck from Defendant, her claim is time-barred.

### c. FLSA "Executive" Exemption

Because this Court finds that Plaintiff's claim is time-barred by the applicable statute of limitations, it is unnecessary to consider Defendant's alternative argument that Plaintiff qualifies

for an exemption from FLSA's overtime compensation requirement.

Accordingly, it is **ORDERED**:

1. Defendant Amelia Island Care Center's Motion for Leave to File Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. 37, filed June 7, 2012) is **DENIED**.

2. Defendant Amelia Island Care Center's Motion for Summary Judgment (Dkt. 22, filed March 23, 2012) is **GRANTED**.

3. The Clerk is directed to enter judgment in favor of Defendant and **CLOSE** the file.

4. The Show Cause Order (Dkt. 29, signed April 19, 2012) is **DISCHARGED**.


**DONE AND ENTERED** in Jacksonville, Florida, this _13_ day of June, 2012.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:

Lisa Lovingood Kelly, Esq., Attorney for Plaintiff
F. Damon Kitchen, Esq., Attorney for Defendant
Jesse D. Bannon, Esq., Attorney for Defendant
Lori K. Mans, Esq., Attorney for Defendant